**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51016
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDERICK GUAJARDO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-397-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederick Guajardo appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 841. Guajardo argues that his sentence was substantively unreasonable because the guidelines sentence range was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Guajardo acknowledges that a discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness, citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), however, he contends that his within-guidelines sentence is not entitled to a presumption of reasonableness because the drug offense guideline, U.S.S.G. § 2D1.1, is not supported by empirical research and may result in sentences greater than necessary in normal cases.

Guajardo's reliance on *Kimbrough* is misplaced. While the Supreme Court did note that the drug trafficking guideline was based upon drug quantity and not empirical research, the Court held only that a district court may sentence a defendant outside of the guidelines range on the basis that it had determined that the guidelines range was flawed, not that the permissible appellate court presumption is inapplicable in drug trafficking cases. *See Kimbrough*, 128 S. Ct. at 564, 567, 571-76. In other words, *Kimbrough* did not tie the presumption of reasonableness to whether the guideline was supported by empirical research. *See id.*

Guajardo also argues that his sentence was greater than necessary to meet the goals of Section 3553(a). For the reasons noted above, Guajardo's within-guidelines sentence is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Guajardo has presented nothing on appeal that was not specifically considered by the district court in choosing a sentence within the guidelines range that met the requirements of Section 3553(a). The district court's judgment is AFFIRMED.